**So Ordered.**



Frederick P. Corbit
Bankruptcy Judge

**Dated: April 2nd, 2014**

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | Case No. 14-00040-FPC7 |
| SONDRA E. BRADY, | MEMORANDUM DECISION ON REAFFIRMATION AGREEMENT |
| Debtor. | |

On January 7, 2014, Ms. Sondra E. Brady filed a chapter 7 petition, together with her bankruptcy schedules, with the assistance of an attorney who was shortly thereafter suspended from practicing law in the Eastern District of Washington.[1] On February 20, 2014, without the assistance of an attorney, Ms. Brady signed an agreement to reaffirm a debt to Les Schwab Tire Centers of Washington, Inc. ("Les Schwab"), a prominent retail supplier of automobile tires and related services. On February 28, Les Schwab filed both the reaffirmation agreement and a motion for approval of the reaffirmation agreement.

---

[1] *See In re Joseph R. Jackson*, No. MC-13-7-RMP, ECF No. 13 (E.D. Wash. Dec. 23, 2013).

MEMORANDUM DECISION . . . ~ Page 1

The reaffirmation agreement references a $219.29 balance due on a debt purportedly secured by a July 17, 2013 purchase money security interest in tires. However, Ms. Brady does not list Les Schwab as a secured creditor in her bankruptcy schedules. The only secured creditor listed on Ms. Brady's Schedule D is Wells Fargo Dealer Services ("Wells Fargo"), which is listed as having a secured claim of $5,310 against Ms. Brady's only automobile, a 2007 Kia Spectra.[2]

On March 5, 2014, notice of a March 25 hearing on the reaffirmation agreement was provided to Ms. Brady, Les Schwab, Ms. Brady's former attorney, the Chapter 7 Trustee and the United States Trustee. However, only the United States Trustee and the Chapter 7 Trustee appeared at the hearing.

Because Ms. Brady was not represented by an attorney in connection with entering into the reaffirmation agreement, the duty to review her reaffirmation agreement fell to the court.[3] In such situations, the Bankruptcy Code precludes the court from approving the reaffirmation agreement if it imposes an "undue hardship on the debtor" or is not "in the best interest of the debtor."[4]

---

[2] Washington, like other states, has a "certificate-of-title statute" that provides that a security interest in a titled automobile is perfected when the secured party's name is shown on the title as the legal owner. *See* WASH. REV. CODE §§ 62A.9A-311(b), 46.12.675(2).

[3] 11 U.S.C. § 524(c)(6)(A).

[4] 11 U.S.C. § 524(c)(6)(A)(i) and (ii).

MEMORANDUM DECISION . . . ~ Page 2

When reviewing a reaffirmation agreement, especially when the proffered benefit of the reaffirmation is the ability of the debtor to prevent repossession of accessions to an automobile,[5] one factor for the court to consider is whether the existence of a senior lien makes it impossible for the creditor to lawfully repossess its collateral.[6] This factor is controlling in this case because the record before the court indicates that Les Schwab's purported security interest in the tires on Ms. Brady's automobile is subordinate to the security interest of Wells Fargo in the automobile to which those tires are attached.[7]

UCC section 9-335(d) provides that "[a] security interest in an accession is subordinate to a security interest in the whole which is perfected by compliance with the requirements of a certificate-of-title statute. . . ."[8] Additionally, section 9-335(e)

---

[5] The Uniform Commercial Code ("UCC") section 9-102(a)(1) defines "accession" as "goods that are physically united with other goods in such a manner that the identity of the original goods is not lost." Washington has adopted 9-102 and the other UCC provisions referenced in this Memorandum. *See* WASH. REV. CODE § 62A.9A-102(a)(1) (2013).

[6] Other factors are discussed in this court's contemporaneously issued memorandum decision in a separate case. *See In re Mervin Carrington*, No. 13-03913-FPC7 (Bankr. E.D. Wash.).

[7] Ms. Brady has filed schedules, verified under the penalty of perjury, that identify Wells Fargo as having a secured claim against her automobile. With no evidence to the contrary, the court accepts Ms. Brady's sworn statement as true.

[8] *See* WASH. REV. CODE § 62A.9A-335(d); *1st Source Bank v. Best-One Tire of Crossville, Inc.*, No. 1:09-CV-36, 2009 WL 2170167 at *2 (E.D. Tenn. July 20, 2009) (unpublished). Most car loan documents provide the lender with a security interest in accessions. *See, e.g., In re Babcock*, No. 13-04761-FPC7 (Bankr. E.D. Wash. Dec. 5, 2013), ECF No. 10 (security agreement, which is attached to reaffirmation agreement for an automobile loan, includes "all parts or goods installed").

of the UCC provides that "a secured party may remove an accession from other goods if the security interest in the accession has priority over the claims of every person having an interest in the whole."[9]

There is little case law interpreting 9-335,[10] but the official comments to the UCC leave no doubt that it applies to merchants who sell and install automobile tires.[11] As a result, the logical inference that can be drawn from 9-335 is that a tire merchant may not repossess accessions installed on an automobile if the automobile is subject to a secured claim of a creditor that is listed on the title.[12] In such a situation, a merchant with a security interest in tires does not have significantly more

---

[9] *See* WASH. REV. CODE § 62A.9A-335(e).

[10] There is one unreported opinion where a court found that it was acceptable for Les Schwab to exercise its security interest and take tires off of an automobile, but there is no mention in that case of whether there was a senior security interest in the tires. *See Reed v. Les Schwab Tire Centers, Inc.*, No. 29069-7-III, 2011 WL 692904, at *2 (Wash. Ct. App. March 1, 2011).

[11] WASH. REV. CODE § 62A.9A-335, Example 4 provides:

> Debtor owns an automobile subject to a security interest in favor of SP-1. The security interest is perfected by notation on the certificate of title. Debtor buys tires subject to a perfected-by-filing purchase-money security interest in favor of SP-2 and mounts the tires on the automobile's wheels. If the security interest in the automobile attaches to the tires, then SP-1 acquires priority over SP-2. The same result would obtain if SP-1's security interest attached to the automobile and was perfected after the tires had been mounted on the wheels.

[12] The negative implication from section 9-335(e), which covers accessions, is similar to that drawn from language in sections 9-313(5) and 9-604(c), which covers fixtures. A creditor with a security interest in a fixture does not have a right to remove the fixture when the creditor is subordinate to another secured party. *In re Reese*, 194 B.R. 782, 790 (Bankr. D. Md. 1996) (citing 4 White & Summers, UNIFORM COMMERCIAL CODE, § 33-11 at 349 (4th ed. 1995)).

MEMORANDUM DECISION . . . ~ Page 4

leverage to get a reaffirmation agreement approved than an unsecured creditor. As one treatise summarizes the situation

> There is a risk placed upon those who finance components which become part of goods that are covered by a certificate of title. In so doing, the Code reverses a priority which previously had been applied by many courts on reasonableness grounds.[13]

Based on the record presented, the court concludes that Les Schwab is not in a position where it can repossess Ms. Brady's tires. Therefore, the reaffirmation agreement is not in Ms. Brady's best interest and it will not be approved by the court.

///END OF MEMORANDUM DECISION///

---

[13] 68A Am. Jr. 2d *Secured Transactions* § 803 (2014). *See also* White, Summers & Hillman, Uniform Commercial Code § 33-6 (6th ed. 2013).